AO 451 (Rev. 2/86) Certification of Judgment SDNY Web 5/99

# United States District Court

FILED

07 JUL 30 AM II: II

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

_____Southern_____    DISTRICT OF    _____New York_____

United States of America

v.

Edward Strafaci

## CERTIFICATION OF JUDGMENT
## FOR REGISTRATION IN
## ANOTHER DISTRICT

Case Number:  03 Cr. 1182 *LTS*

'07 MC 390

BY _____ DEPUTY

I, *J Michael McMahon* _____, Clerk of this United States District

Court certify that the attached judgment is a true and correct copy of the original judgment entered in

this action on *5/26/05* _____, as it appears in the records of this court, and that
          *Date*

\* *NO NOTICE OF APPEAL HAS BEEN FILED OR MOTION OF
ANY KIND LISTED IN RULE 4A OF FRAP HAS BEEN FILED*

IN TESTIMONY WHEREOF, I sign my name and affix the seal of this Court on

*2/1/07* _____
    *Date*

_____
*Clerk*

_____
*(By) Deputy Clerk*

\* Insert the appropriate language: . . . "no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules
of Appellate Procedure has been filed." . . . "no notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a) of the Federal
Rules of Appellate Procedure [\*] have been disposed of, the latest order disposing of such a motion having been entered on [date]." . . . "an appeal was taken
from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [date]." . . . "an appeal was taken from this judgment and the
appeal was dismissed by order entered on [date]."

[\*Note:  The motions listed in Rule 4(a), Fed. R. App. P., are motions for judgment notwithstanding the verdict; to amend or make additional findings of fact; to
alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.]

⍔AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

| SOUTHERN | District of | NEW YORK |
|---|---|---|

UNITED STATES OF AMERICA

v.

Edward Strataci

### JUDGMENT IN A CRIMINAL CASE

Case Number:        03 Cr 1182 (LTS) —1

USM Number:        awaited

Seth Rosenberg, Esq.
Defendant's Attorney

**THE DEFENDANT:**

X  pleaded guilty to count(s)        one (1)

☒  pleaded nolo contendere to count(s)
    which was accepted by the court.

☒  was found guilty on count(s)
    after a plea of not guilty

The defendant is adjudicated guilty of these offenses:

DOCKETED AS
A JUDGMENT #05,1008
ON 5/26/05

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 15 USC 78j(b) and 78ff. 17 CFR 240.10b-5 | Securities Fraud | 01/2002 | one (1) |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s) _____

x  Count(s)    two (2), three (3) and four (4).    ☐ is    x  are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

May 20. 2005
Date of Imposition of Judgment

Signature of Judge

Laura Taylor Swain, U.S.D.J.
Name and Title of Judge

May 23. 2005
Date

A CERTIFIED COPY
J. MICHAEL McMAHON,        CLERK

BY
DEPUTY CLERK

U.S. DISTRICT COURT
FILED
MAY 2 3 2005
S.D. OF N.Y.

AO 245B    (Rev. 12/03) Judgment in Criminal Case
Sheet 2 — Imprisonment

| | |
|---|---|
| DEFENDANT:    Edward Strafaci | Judgment — Page    2    of    6 |
| CASE NUMBER:    03 Cr 1182 (LTS) | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:    72 months.

x    The court makes the following recommendations to the Bureau of Prisons:
that the defendant be designated to the camp facility nearest to the New York, New Jersey Metropolitan area in order to facilitate the maintenance of family ties.

☐    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

☐    at _____ ☐ a.m.  ☐ p.m.   on _____ .

☐    as notified by the United States Marshal.

X    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☒    before 2 p.m. on   August 1, 2005

☐    as notified by the United States Marshal.

☐    as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
Sheet 3 — Supervised Release

DEFENDANT:    Edward Strafaci
CASE NUMBER:    03 Cr 1182 (LTS)

Judgment—Page   3   of   6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :    3 years.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

X    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev 12/03) Judgment in a Criminal Case
Sheet 3C — Supervised Release

| | | Judgment—Page | 4 | of | 6 |

DEFENDANT:        Edward Strafaci
CASE NUMBER:    03 Cr 1182 (LTS)

## SPECIAL CONDITIONS OF SUPERVISION

Defendant to provide the probation officer with access to any requested financial information.

Defendant will not incur new credit charges or open additional lines of credit without the approval of the probation officer unless he is in compliance with the installment payment schedule.

Defendant will report to the nearest Probation Office within 72 hours of release from custody.

Defendant to be supervised by his district of residence.

AO 245B   (Rev. 12/03) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

DEFENDANT:       Edward Strafaci
CASE NUMBER:     03 Cr 1182 (LTS)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Fine | Restitution |
|--------|-----------|------|-------------|
| TOTALS | $ 100     | $    | $ 89,282,416 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---------------|-------------|---------------------|------------------------|
| Richard Williamson, Esq, Successor Liquidating Trustee of Lipper Convertibles LP | | $89,282,416.00 | |

| | Total Loss* | Restitution Ordered | |
|--------|------|------|------|
| TOTALS | $ 0.00 | $ 89,282,416.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  X  the interest requirement is waived for the   ☐ fine   x restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 12/03) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment --- Page __6__ of ____6____

DEFENDANT:      Edward Strafaci
CASE NUMBER:   03 Cr 1182 (LTS)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A   X   Lump sum payment of $ ___100___ due immediately, balance due

      ☐   not later than _____ , or
      X   in accordance    ☐ C,   ☐ D,   ☐ E, or   X F below; or

B   ☐   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   X   Special instructions regarding the payment of criminal monetary penalties:

      If deft is engaged in a BOP non-UNICOR work program while he is incarcerated, he will pay $25 per quarter toward the restitution.  If he participates in the BOP's UNICOR program as a grade 1 through 4, he will pay 50% of his monthly UNICOR earnings toward restitution, consistent with BOP regulations at 28 C.F.R. § 545.11.  During the period of supervised release deft will pay as follows:  if he is earning up to $100,000 annually, he will make payments in monthly installments of 10% of monthly gross income; if he is earning more than $100,000 but less than $300,000 annually, he will make payments in installments of 10% of his gross income up to $100,000, and 15% of gross income in excess of $100,000; and if he is earning more than $300,000 annually, he will make payments in monthly installments of 10% of his income up to $100,000, 15% of his income in excess of $100,000, up to $300,000 on an annualized basis, and 25% of gross income above $300,000 on an annualized basis.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

      Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DUPLICATE
ORIGINAL.    DOC # 36

US. DISTRICT COURT
FILED
JUN - 3 2005
S.D. OF N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------x
                                      :
UNITED STATES OF AMERICA              :    [PROPOSED]
                                           ORDER OF RESTITUTION
        - v -                         :
                                           03 Cr. 1182 (LTS)
EDWARD STRAFACI,                      :
                   Defendant.         :
-------------------------------------x

WHEREAS, on August 11, 2004, EDWARD STRAFACI

("STRAFACI"), entered a plea of guilty to Count One of Indictment

03 Cr. 1182 (LTS), (the "Indictment"), which charged STRAFACI

with Securities Fraud in violation of Title 15, United States

Code, Sections 78j(b) and 78ff; Title 17, Code of Federal

Regulations, Section 240.10b-5; and

        WHEREAS, an order of restitution is mandatory pursuant

to Title 18, United States Code, Section 3663A, because the

conduct underlying the offenses charged in Count One involved a

scheme to defraud Lipper Convertibles, L.P., and its limited

partners; and

        WHEREAS, STRAFACI's conduct directly caused out-of-

pocket losses of $89,828,416 to the limited partners of Lipper

Convertibles, L.P., listed in the schedule attached as Exhibit A

to this Order; and

        WHEREAS, the Lipper Convertibles, L.P. limited partners

suffered out-of-pocket losses in the amounts set forth in Column

G of the schedule attached as Exhibit A to this Order; and

Copies mailed Counsel
Chambers of Judge Swain

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that STRAFACI shall make restitution as compensation for losses caused to the limited partners of Lipper Convertibles, L.P. as follows:

1.    STRAFACI shall pay restitution of $89,828,416 to the limited partners of Lipper Convertibles, L.P., through the Clerk of the Court. The Clerk of the Court shall in turn direct payments made by STRAFACI to the Clerk of the Court to Richard A. Williamson, Esq., Successor Liquidating Trustee of Lipper Convertibles, L.P., c/o Flemming, Zulack and Williamson, LLP, One Liberty Plaza, New York, New York, so long as Richard A. Williamson, Esq. shall hold the position of Successor Liquidating Trustee of Lipper Convertibles, L.P. Those payments shall in turn be allocated to the limited partners listed in the schedule attached as Exhibit A to this Order, and in the amounts reflected in Column G of Exhibit A, which amounts represent each limited partner's approximate total loss. Richard A. Williamson, Esq. shall notify the Court and the Clerk of the Court when he ceases to be the Successor Liquidating Trustee of Lipper Convertibles, L.P., and submit an affidavit setting forth the total amounts he has paid to each limited partner pursuant to this Order, together with the mailing address for each limited partner. Following receipt of such notification, the Clerk of the Court shall direct any payments made by STRAFACI to the Clerk of the Court to the

-2-

individual limited partners of Lipper Convertibles, L.P.
Payments made by STRAFACI to the Clerk of the Court shall be
allocated to the limited partners in accordance with paragraph 2
of this Order.

2.    Payments made by STRAFACI pursuant to this Order
shall be allocated pro-rata to the limited partners according to
the percentages set forth in Column H of Exhibit A, which
represent each victims' approximate percentage of the total loss.

3.    During any period of Supervised Release, STRAFACI
shall, at the end of each month, pay restitution through the
Clerk of the Court for distribution according to the procedures
set forth in paragraphs 1 and 2 of this Order, above.  STRAFACI's
monthly restitution payments during periods of Supervised Release
shall be calculated as follows:  If STRAFACI is earning up to
$100,000 annually, he shall make payments in monthly installments
of 10% of his monthly gross income.  If STRAFACI is earning more
than $100,000, but less than $300,000 annually, he shall make
payments in monthly installments of 10% of his monthly gross
income on earnings of up to $100,000 annually, and 15% of his
monthly gross income on earnings between $100,000 and $300,000
annually.  If STRAFACI is earning more than $300,000 annually, he
shall make payments in monthly installments of 10% of his monthly
gross income up to $100,000 annually, 15% of his monthly gross

-3-

...me between $100,000 and $300,000 annually; and 25% of his monthly gross income above $300,000 annually;

4.    STRAFACI shall notify the Court, the Probation Office and the United States Attorney's Office of any material change in STRAFACI's economic circumstances that might affect STRAFACI's ability to pay restitution.

5.    Such other funds or assets as may, from time to time, be collected by the United States, or paid by STRAFACI, toward satisfaction of their restitution obligation shall be distributed in accordance with the procedures set forth in paragraphs 1 and 2 of this Order, above.

SO ORDERED:

_____
Hon. Laura Taylor Swain
United States District Judge

Date: Nov 2, 2005

TRANSCRIPT OF JUDGMENT -- NO.    05 -1008

02/01/2007

03 CR 1182 (LTS)

| Dates | Attorney | Names of Parties against whom judgment has been obtained | Names of Parties in whose favor judgment has been obtained | Amount | Costs | When Satisfied |
|---|---|---|---|---|---|---|
| **How Obtained:** Assessment | | | | | | |
| **Signing:** 05/23/2005 **Filing:** 05/23/2005 | U.S. ATTORNEY | EDWARD STRAFACI | UNITED STATES ASSESSMENT | $100.00 | $0.00 | / / |
| | | | UNITED STATES AND/OR RICHARD WILLIAMSON, ESQ, SUCCESSOR LIQUIDATING TRUSTEE OF LIPPER CONVERTIBLES LP RESTITUTION | $89,282,416.00 | $0.00 | / / |

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed the Seal of said Court this 1 day of February, two thousand and seven

I, J. Michael McMahon, Clerk of the United States District Court for the Southern District of New York, do hereby certify that the foregoing is a true and correct transcript from the Docket of Judgments kept in my office and that the above judgment has not been satisfied of record.

J. Michael McMahon, Clerk

by _____
Deputy Clerk

## UNITED STATES
## DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

## # 140928   — SR
## * * C O P Y * *
## July 30, 2007
## 11:15:23

## Reg. of Judgmt.
USAO #.: 07MC390 REG. OF JUDGMENT
Amount.:                    $39.00 CK
Check#.: BC#19395

## Total—> $39.00

FROM: REGISTRATION OF JUDGMENT